■ REED'S OF ARMONK BUILDING SUPPLY, INC., Respondent, v PIERS L. CURRY, Appellant. [667 NYS2d 296] —In an action pursuant to 42 USC § 1983 to recover damages from a denial of an application for an amended site plan, the defendant appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered January 25, 1996, which granted the plaintiff's motion for an assessment of counsel fees and awarded the plaintiff's counsel the sum of $44,655.

■ REED'S OF ARMONK BUILDING SUPPLY, INC., Respondent, v PIERS L. CURRY, Appellant. [667 NYS2d 302] —In an action pursuant to 42 USC § 1983 to recover damages from a denial of an application for an amended site plan, the defendant appeals from a judgment of the Supreme Court, Westchester County (Lefkowitz, J.), entered September 5, 1996, which, after a jury trial, is in favor of the plaintiff and against him in the principal sum of $216,000.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

To state a claim pursuant to 42 USC § 1983 in the case before us, the plaintiff had to first establish that it had a valid property interest in a benefit that was entitled to constitutional protection at the time the plaintiff was deprived of that benefit (*see, Zahra v Town of Southold,* 48 F3d 674; *Gagliardi v Village of Pawling,* 18 F3d 188; *see also, RRI Realty Corp. v Incorporated Vil. of Southampton,* 870 F2d 911, 918, *cert denied* 493 US 893).

On the record before us, we conclude that the plaintiff failed to show that it had a clearly established right to approval of the amended site plan which it claims was wrongfully denied

(*see, Tarry Corp. v Friedlander,* 826 F2d 210). Moreover, under the circumstances of this case, the defendant enjoys qualified immunity (*see, Natale v Town of Ridgefield,* 927 F2d 101, 104). The record before us does not establish an equal protection claim against the defendant.

The defendant's remaining contentions are academic in light of this determination. Rosenblatt, J. P., Miller, Ritter and Florio, JJ., concur.